UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID C. STODDARD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-313 |
| | § | |
| JOHN M. MCHUGH; fka GEREN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION FOR A DIRECTED VERDICT

Following a jury waiver, this case was tried to the court May 10-14, 2010. At the close of plaintiff's case, defendant McHugh moved for a directed verdict (D.E. 50). Treating the motion as a motion for judgment as a matter of law, FED. R. CIV. P. 50(a), the motion is granted in part.

### BACKGROUND

Plaintiff, a Caucasian male, worked for the department of the Army for 33 years and began working at the Corpus Christi Army Depot ("CCAD") in 1994. In 2007 plaintiff was employed as a Pneudraulic Systems Mechanic, and in that position he was responsible for testing and repairing anti-icing ("A-I") valves, a component of helicopter engines.

On February 28, 2007, plaintiff's supervisor, Ted Humphrey, who is African American, told plaintiff that he was going to be moved from the downstairs actuator room, where he tested and repaired A-I valves, to the upstairs area, where he would be required to safety wire hydro-mechanical units (HMUs). Plaintiff protested, claiming

that he could not move his toolbox nor could he work on HMUs because he had a back injury. According to plaintiff, his back injury prevented him from moving the toolbox, which was on wheels but weighed about 150 pounds, and handling the HMUs, which weigh about 30 pounds.

After several days, a note from Plaintiff's doctor, and several trips to the CCAD dispensary, Mr. Humphrey, though he refused to allow plaintiff to remain downstairs in the actuator room, reassigned plaintiff to repair T-2 sensors, which weigh only a few ounces. Humphrey had plaintiff's toolbox moved upstairs instead of requiring plaintiff to do it, and provided all the accommodations requested by plaintiff's doctor and the CCAD dispensary physician: a higher bench, an ergonomic chair, and a cushioned mat, and Humphrey agreed that plaintiff could take frequent breaks and walk around as needed.

Plaintiff was not demoted and he received no reduction in pay. Plaintiff preferred working on the A-I valves downstairs, and did not want to work upstairs near the office of his supervisor Mr. Humphrey. Plaintiff even offered to work on HMUs and T-2 sensors if he could stay downstairs. Plaintiff contends that the action of moving him upstairs amounted to racial discrimination.[1]

## APPLICABLE LAW

If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the

---

[1] Plaintiff also alleged that the move amounted to discrimination against him because of his disability, but this issue was decided against him on summary judgment because there was no evidence that Humphrey was aware of plaintiff's disability before he announced his intention to move plaintiff upstairs (D.E. 44 at p. 41). Plaintiff's failure to accommodate claim will be addressed in the findings, conclusions, and decision of the court, to be filed at a later date.

party on that issue, the court may resolve the issue against that party. FED. R. CIV. P. 50(a)(1)(A). The facts are to be interpreted in the light most favorable to plaintiff, making no credibility determinations. *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 480 (5th Cir. 2007).

In a Title VII action it is unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e—2(a). Plaintiff must demonstrate that the discriminatory act amounted to an ultimate employment action. *Alaniz v. Zamora-Quezada*, 391 F.3d 761, 772 (5th Cir. 2009).[2] Ultimate employment decisions include hiring, granting leave, discharging, promoting, or compensating. *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007).

### Reassignment – An Ultimate Employment Decision?

Defendant argues that the reassignment to the upstairs to work on T-2 sensors did not amount to an ultimate employment decision because plaintiff was not demoted, did not receive a reduction in his pay, and lost no benefits. Plaintiff's counsel argued that the move was an adverse employment decision because plaintiff, a long time employee of CCAD, did not deserve to be moved upstairs, where he would have less independence and be under the watchful eye of his supervisor and others.

---

[2] The anti-discrimination statute requires an ultimate employment decision, which is narrower in scope than a "materially adverse employment action" which would be sufficient to satisfy the anti-retaliation statute. *Burlington North & Santa Fe Ry. Co. v. White,* 584 U.S. 53, 126 S.Ct. 2405 (2006).

Plaintiff's subjective preference for assignment to the downstairs actuator room and work bench is not an ultimate employment decision. *Aryain v. Wal-Mart Stores Texas, L.P.*, 534 F.3d 473, 485 (5th Cir. 2008). He was not demoted and suffered no loss of pay or benefits. Judgment as a matter of law is entered for defendant on this issue.

All relief not granted by this order is denied.

ORDERED this 21st day of May, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE